IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILLY SHIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 16-0263-WS-N |
| ) | |
| GEORGIA-PACIFIC, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (doc. 7).  Defendant, Georgia-Pacific, LLC, filed a Response (doc. 9) on June 30, 2016, and the Motion is now ripe.

Plaintiff, Billy Shields, filed his Complaint against Georgia-Pacific, LLC, and certain fictitious defendants in the Circuit Court of Choctaw County, Alabama, on May 2, 2016. Shields' Complaint asserted a claim against Georgia-Pacific and fictitious defendants for workers' compensation benefits, based on allegations that he had been an employee of those entities when, while working within the line and scope of his employment, Shields "was caused to sustain cardiovascular injuries and other injuries and damages." (Doc. 1-1, ¶¶ 5-6.)  The Complaint also alleged a common-law claim for the Alabama tort of outrage, on the theory that defendants had "intentionally or recklessly caused Plaintiff to suffer injuries and emotional distress by refusing to pay for and refusing to pay him temporary total disability benefits, and denying his claim for workers' compensation benefits." (*Id.* at ¶ 15.)  According to the Complaint, defendants' actions were intended "to either force him to settle his workers' compensation claim for less than its value or to defraud him of his medical, vocational, and disability benefits outright." (*Id.* at ¶ 16.)

Georgia-Pacific filed a Notice of Removal (doc. 1) on June 6, 2016, whereby it removed this entire lawsuit to federal court.  In the Notice, Georgia-Pacific looked solely to Shields' outrage cause of action, arguing that the outrage claim gave rise to removal jurisdiction on both diversity and federal question grounds.  Specifically, Georgia-Pacific posited that the parties

were of diverse citizenship and that the amount in controversy for the outrage claim exceeded $75,000 because Shields appeared to be claiming that he was owed as much as $770,000 in workers' compensation benefits, that Georgia-Pacific's actions had caused him pain and suffering due to inability to obtain proper medical care, that Shields had suffered emotional distress due to medical bills he could not pay, and that he was seeking both compensatory and punitive damages.  Moreover, Georgia-Pacific maintained that the outrage claim gave rise to federal question jurisdiction because Shields' claim based on failure to pay disability benefits is subject to ERISA preemption.  On its face, the Notice of Removal predicated removal jurisdiction solely on the outrage cause of action, without relying on or even addressing the jurisdictional implications of Shields' claim for workers' compensation benefits.

On June 20, 2016, two weeks after Georgia-Pacific filed its Notice of Removal, Shields filed a First Amended Complaint (doc. 6).[1]  As such, the First Amended Complaint is now Shields' operative pleading.  On its face, the First Amended Complaint is virtually identical to its predecessor, except that it deletes the outrage cause of action.  In its present form, then, plaintiff's pleading is confined to a claim for workers' compensation benefits.

The obvious jurisdictional problem engendered by this state of affairs is that, as a matter of law, Shields' claim for workers' compensation benefits was never properly removable in the first place.  *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.").[2]  Typically, courts in this Circuit faced with the removal of both workers'

---

[1] The First Amended Complaint was timely submitted as a matter of right because Shields had not previously amended his pleading and the First Amended Complaint was filed within 21 days after service of defendant's Answer (doc. 3), which had been submitted on June 8, 2016.  *See* Rule 15(a)(1)(B), Fed.R.Civ.P.

[2] *See also Reed v. Heil Co.*, 206 F.3d 1055, 1057 (11th Cir. 2000) ("A federal statute, 28 U.S.C. § 1445(c), bars the removal to federal court of claims arising under state workers' compensation laws."); *Alansari v. Tropic Star Seafood Inc.*, 388 Fed.Appx. 902, 905 (11th Cir. July 22, 2010) ("We have concluded that, under section 1445(c), a district court lacks subject-matter jurisdiction to review a … claim arising out of state workers' compensation laws."); *Formosa v. Lowe's Home Centers, Inc.*, 806 F. Supp.2d 1181, 1186 (N.D. Ala. 2011) ("improper removal of a claim that arises under the state's worker's compensation laws raises a subject matter jurisdiction issue," such that "the worker's compensation claim is due to be remanded"); *Nolen v. Frit-Car, Inc.*, 2008 WL 819036, *2 (S.D. Ala. Mar. 24, 2008) (workers' (Continued)

compensation claims and other claims have severed and remanded the workers' compensation cause of action under § 1445(c), while retaining the otherwise removable claims.  *See Lamar v. Home Depot*, 907 F. Supp.2d 1311, 1314 (S.D. Ala. 2012) ("The inclusion of a non-removable worker's compensation claim in the same lawsuit did not render removal of the action improper under … Section 1445(c).  Instead, the presence of the worker's compensation claim triggered Section 1445(c) as to only that claim and required remand of only that claim.").[3]  With Shields' intervening amendment to the Complaint, however, the only claim left in play is the non-removable workers' compensation cause of action.  Section 1445(c), the foregoing case authorities, and the parties themselves[4] all concur that the workers' compensation claim must be remanded because it was not properly removable.  There are no other claims that may be severed and retained; therefore, remand of the case in its entirety is appropriate at this time.

For all of the foregoing reasons, Plaintiff's Motion to Remand (doc. 7) is **granted**.  This action is hereby **remanded** to the Circuit Court of Choctaw County, Alabama, for further proceedings.

DONE and ORDERED this 21st day of July, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

compensation claims "are subject to the exclusive jurisdiction of Alabama state courts, are not removable, and this Court is not empowered to hear them in removal proceedings").

[3]  *See also Musgrove v. Kellogg Brown and Root, LLC*, 2013 WL 1827583, *2 (S.D. Ala. Apr. 29, 2013) ("when removal is properly accomplished under Section 1441(a), the federal court is to remand the worker's compensation claim and retain the properly removed claims"); *Wilson v. Dominion Management, LLC*, 2010 WL 1542501, *1 (S.D. Ala. Mar. 29, 2010) ("The appropriate remedy when a properly removed case includes a claim captured by Section 1445(c) is to remand the worker's compensation claim to state court.").

[4]  In support of his Motion to Remand, Shields argues that his "workers' compensation claim, which is the only claim asserted in the First Amended Complaint, must be remanded to state court."  (Doc. 7-1, at 7.)  And in response to the Motion, Georgia-Pacific "acknowledges that the worker's compensation claim is due to be remanded."  (Doc. 9, ¶ 13.)